ANSTEAD, Judge.
Our opinion filed February 25, 1977, is withdrawn and this opinion is filed in place thereof.
*738 This is an appeal from a final judgment of dissolution of marriage. The wife appeals contending that the trial court erred in modifying certain provisions of a property settlement agreement and awarding custody of one of two male children to the husband.
The parties were married in 1959 and resided together until 1970 when the parties separated and the wife filed suit for divorce. During the separation the parties entered into a property settlement agreement [1] but thereafter resumed their marital relationship and the divorce suit was voluntarily dismissed. On October 3, 1975 the husband filed a petition for dissolution seeking a dissolution and a judicial order setting aside the agreement of 1970.
A final hearing was held on December 11, 1975 during which the husband moved to amend his pleadings to allow a claim for child custody and the trial court granted such motion over the objection of counsel. After the final hearing deposition testimony on the issue of custody was presented to the court and the parties’ counsel appeared for final argument before the court on December 18, 1975.
In a final judgment of dissolution entered on January 13, 1976 the trial court upheld the validity of the separation agreement but modified certain provisions thereof concerning alimony, child support and child custody. Custody of the oldest child, age 14, was awarded to the husband and custody of the youngest, age 12, to the wife.
The husband is an engineer and the wife is a housewife. At the time of the settlement agreement in 1970 the husband was earning $25,000.00 yearly. At the time of trial his income had increased to approximately $50,000.00. The wife had no substantial employment at either time and lived in the same marital home which had been deeded to her pursuant to a provision of the 1970 agreement. The children were five years older but still attending local schools. Due to his employment, the husband was scheduled to travel to Indonesia for one year beginning in January of 1976.
The settlement agreement, in addition to providing the wife the marital home, gave her custody of the children and provided for alimony and child support in the total sum of 50% of the net income, after taxes, of the husband.
The agreement provided:
ARTICLE VII. SUPPORT FOR WIFE AND MINOR CHILDREN
A. That Husband’s income is substantial, and he is well able to care for the Wife and minor children herein; that the parties agree that Wife shall receive fifty percent (50%) of the Husband’s income after payment of all income taxes, which share shall be used by Wife for the support and maintenance of the three (3) minor children, to-wit: WILLIAM ALBERT PETERSON, JOHN FREDRICK PETERSON, and KIMBERLEY PETERSON, and the Wife. Said support shall continue until the youngest child shall attain the age of twenty-one (21). In the event the Wife shall remarry, the entire amount shall constitute support for the children.
B. The amounts so received shall be divided as follows: One Dollar ($1.00) a month as alimony, and the balance shall be construed as child support.
C. At the time the youngest child attains the age of twenty-one (21) years, if the Wife has not previously remarried, the Wife may apply to the Court to have her alimony set.
In the final judgment the wife was awarded $200.00 per month child support for the child remaining in her custody until the child reached age 18 and as alimony $700.00 per month for the first year, $400.00 per month for the next three years and $100.00 for the last two, a total of six years of rehabilitative alimony.
The trial court granted the husband’s motion to amend with reference to child custody when it appeared during the *739 course of the trial that the oldest child had expressed a desire to be with the father and the father’s departure for Indonesia was imminent.
While due process requirements of notice and a reasonable opportunity to be heard are equally important in child custody cases as in other matters, we are unable to say the trial court erred under the circumstances of this case. There was no significant issue of the husband or wife’s competency for custody, the husband’s counsel virtually stipulated to such as to the wife as did the husband himself. During the course of the trial the husband stipulated that it would be unnecessary for the wife to call certain witnesses to establish her competency. And after the hearing the wife was allowed to take and present to the court the deposition of a clinical psychologist who was treating the oldest child.
Despite the issue arising as it did we are not convinced the wife was prevented from presenting any evidence or testimony relevant to the issue of custody prior to the trial court’s determination of that issue. When this is considered together with the increased age of the child, the testimony of the child and the clinical psychologist and the other evidence presented, there was a sufficient basis for the court to modify the settlement agreement reference the custody of the older child and we affirm the trial court’s custody order.
We do not reach the same conclusion in regard to the court’s modification of the financial terms of the agreement. The husband sought to have the settlement agreement invalidated by the trial court. The trial court rejected the husband’s claim and upheld the agreement[2] but thereafter proceeded to modify the terms of the agreement with reference to alimony and child support. Absent a substantial and material change in circumstances the trial court was without authority to modify the terms of the agreement of the parties. Singer v. Singer, 318 So.2d 438 (Fla.4th DCA 1975).
The circumstances of the parties are set out above and reveal the most obvious change from the time of the agreement to be an increase in the husband’s earnings from $25,000.00 to $50,000.00. There is no evidence of any substantial change in circumstances that would merit a decrease in child support or alteration of the other financial provisions of the agreement. Those provisions of the final judgment relating to alimony and child support contrary to the terms of the separation agreement are reversed.
Accordingly the final judgment is hereby affirmed in part, reversed in part and remanded to the trial court for further proceedings consistent with the terms of this decision.
ALDERMAN, J., concurs.
DAUKSCH, J., dissents, with opinion.

. The settlement agreement itself actually contemplated reconciliation and recited reconciliation as a premise of the parties in entering into the agreement.

. The husband has not appealed the trial court’s decision upholding the validity of the agreement.